# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                Case No:   6:25-cv-1510-JSS-LHP

RONALD EARL SCHERER, SR. ,
CITIBANK, N.A., NEW
RESIDENTIAL MORTGAGE LOAN
TRUST 2015-2, THE LIONSPAW
GRAND NEIGHBORHOOD
OWNERS ASSOCIATION, INC., THE
LIONSPAW COMMUNITY OWNERS
ASSOCIATION, INC., THE
INTERNATIONAL RESIDENTIAL
OWNERS ASSOCIATION, INC.,
VOLUSIA COUNTY TAX
COLLECTOR and ABSOLUTE
FINANCE, LLC,

        Defendants

_____

## ORDER
(And Direction to Clerk)

Before the Court is Plaintiff United States' Request for Entry of Default Against Defendants Ronald Earl Scherer, Sr., The Lionspaw Community Owners Association, Inc., and The International Residential Owners Association, Inc.   Doc. No. 51.

On review, the motion (Doc. No. 51) will be **GRANTED in part**, to the extent it seeks entry of default against Mr. Scherer, and the Clerk of Court is **DIRECTED** to enter default against Mr. Scherer.

However, the motion (Doc. No. 51) does not demonstrate by citation to legal authority or otherwise that service upon Defendants The Lionspaw Community Owners Association, Inc. ("Lionspaw") and The International Residential Owners Association, Inc. ("International Residential") was proper under federal law.[1] *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

Specifically, the returns of service for Lionspaw and International Residential state that the summons was served by serving Susie Stanford, "who is designated by law to accept service" at "1452 N US Highway 1 Ste 102, Ormond Beach, FL 32174." Doc. Nos. 8, 48. Plaintiff's motion states that this address is that of Lionspaw and International Residential's registered agent, Solaris Management, Inc. Doc. No. 51, at 6, 8; *see also* Doc. No. 51-1 ¶¶ 8, 12. However, Plaintiff's motion fails to provide information regarding Susie Stanford's relationship to Solaris Management, Inc., if any (whether an employee, or otherwise), and such

---

[1] The motion (Doc. No. 51) only references Federal Rule of Civil Procedure 4, and does not discuss whether service was proper under Florida law.

information is not apparent from the Court's review of the Division of Corporation's website.   Without this information, the Court cannot determine whether Plaintiff properly effected service on Lionspaw and International Residential.   *See Fitzgerald v. Trans Union, LLC*, No. 5:25-cv-496-JA-PRL, 2025 WL 3240095, at *2-3 (M.D. Fla. Nov. 20, 2025) (denying without prejudice motion for Clerk's default where service made at registered agent's address, upon individual "designated by law to accept service of process on behalf of" the defendant, because the motion and proof of service "fail to adequately explain how" individual was authorized to accept service); *Nutramax Lab'ys, Inc. v. Ohmi Invs. LLC*, No. 6:24-cv-1242-CEM-EJK, 2024 WL 5298610, at *1 (M.D. Fla. Dec. 10, 2024) (denying without prejudice motion for Clerk's default where service made upon individual designated by law to accept service, in part because plaintiffs failed to explain how individual was authorized by law to accept service).

Accordingly, Plaintiff's motion is **DENIED without prejudice** as to Lionspaw and International Residential.   Within **twenty-one (21) days** of the date of this Order, Plaintiff shall file a renewed motion, fully supported by legal authority and any relevant evidence, which addresses the issues identified herein.

**DONE** and **ORDERED** in Orlando, Florida on January 15, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record